

Leonard L. Ettinger, Philadelphia, Pa., for plaintiff.

No appearance for Stonelake and his wife.

WELSH, Senior District Judge.

On April 29, 1958, plaintiff, Marquette Appliances, Inc., brought this action based on an agreement of guarantee allegedly signed by all the defendants. On June 12, 1958, judgment was entered against all of the defendants for failure to file an answer to plaintiff's complaint. On June 27, 1958, defendants, Daniel Wexler and Elaine, his wife, and William B. Stonelake and Rose Marie, his wife, filed a motion to set aside entry of default and default judgment as to them and to permit them to enter a defense to plaintiff's complaint. Said motion was allowed by this Court on July 11, 1958. On the same day, said defendants filed an answer to plaintiff's complaint and on July 17, 1958, they filed a demand for a jury trial.

On July 25, 1960, the Clerk of Court sent the following letter to Joseph E. Gold, attorney for plaintiff, to Blank, Rudenko, Klaus and Rome, attorneys for defendants, Daniel Wexler and Elaine, his wife, and to William B. Stonelake and Rose Marie, his wife:

"The record in the above case indicates that no proceeding has been docketed therein for a period of more than two consecutive years.

**MARQUETTE APPLIANCES, INC.**

**v.**

**Daniel WEXLER, and Elaine, his wife, William B. Stonelake and Rose Marie, his wife, and Sidney Kleiman and Yetta, his wife.**

**Civ. A. No. 24604.**

United States District Court
E. D. Pennsylvania.

Dec. 9, 1960.

Unless the Court, upon written application filed within thirty days from the receipt of this notice, shall otherwise order the action will be dismissed.

"In the absence of such application to or order by the Court the Clerk will, in accordance with the local civil rules of this court, enter upon the record 'dismissed, without prejudice under Rule 18' and upon application by defendant will tax the costs against the plaintiff(s)."

After receipt of the above letter and within the 30 days allowed, Leonard L. Ettinger, attorney for plaintiff, filed the instant petition to order the Clerk of Court not to dismiss the above captioned action for failure to proceed with this action and to allow the plaintiff to file an order to list the above captioned matter for trial. Defendants, William B. Stonelake and Rose Marie, his wife, have objected to the petition.

To be entitled to the relief prayed for, Local Rule 18 requires that the petitioner show "good cause" for the two year delay in the proceedings. Drayton v. Toler, D.C., 193 F.Supp. 513. The "good cause" urged here is based on circumstances which may be summed up as follows: At the time this action was commenced plaintiff's attorney was Joseph E. Gold, Esquire. In January, 1959, the said Joseph E. Gold, Esquire, left the practice of law to become a Judge of Common Pleas Court No. 6 of Philadelphia County. Leonard L. Ettinger, Esquire, succeeded to Judge Gold's former law practice and was not aware that an order to list the above captioned matter for trial was never filed. He first became aware of the failure to file a trial list order, when on July 26, 1960 he received the above mentioned letter from the Clerk of Court.

We think that these circumstances constitute "good cause" within the meaning of Local Rule 18. The petition of Leonard L. Ettinger, Esquire, will accordingly be granted.

In closing, assuming arguendo that the petitioner had failed to establish the required "good cause", dismissal of this action therefor pursuant to Local Rule 18 would be meaningless. Another action could be instituted as it is based on a claim arising out of a contract and the applicable statute of limitations has not yet expired.

In accordance with the foregoing opinion, it is this 9th day of December, 1960, ordered that the above captioned case be and the same is hereby placed on the trial list.